IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAULA K. GOLDWYN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 11-4046-KHV |
| | ) |
| PATRICK R. DONAHOE, et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

This case comes before the court on the request of the pro se plaintiff for appointment of counsel **(doc. 4)**.

In civil actions, such as this one, there is no constitutional right to appointed counsel.[1] The court is not obligated to appoint counsel in every employment discrimination case.[2] The decision whether to appoint counsel lies solely in the court's discretion, which should be based on a determination that the circumstances are such that a denial of counsel would be fundamentally unfair.[3] The court should consider the plaintiff's financial ability to retain

---

[1] *Ivory v. Werholtz*, No. 09-3224-SAC, 2009 WL 4043304, at * 3 (D. Kan. Nov. 19, 2009) (citing *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989)).

[2] *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992).

[3] *Id.*; *McCarthy v. Weinberg*, 753 F.2d 836, 839 (10th Cir. 1985) (holding that requiring a severely disabled plaintiff to present his own case was fundamentally unfair and an abuse of the trial court's discretion).

counsel, efforts taken by the plaintiff to obtain counsel, the merits of the plaintiff's claim, and the plaintiff's capacity to prepare and present the case without the aid of counsel.[4]

It appears that plaintiff may not financially be able to pay an attorney to handle her case on an hourly-rate basis. The court nonetheless denies the instant motion for the following reasons. First, while plaintiff is "not required to exhaust the legal directory," plaintiff's diligence in searching for counsel is one important factor to be considered when deciding whether to appoint counsel.[5] Plaintiff has indicated she has contacted six attorneys regarding this case. There are, however, numerous attorneys in the Topeka and Kansas City area who handle cases such as this one, and provided the cases are perceived to have merit, counsel typically agree to handle them on a contingency-fee basis. If plaintiff has not previously contacted the Lawyer Referral Service to obtain names of attorneys in the Topeka and Kansas City area who handle cases such as this one, the court encourages plaintiff to do so. The address and telephone number of the Lawyer Referral Service are as follows: 200 N. Broadway, Suite 500, Wichita, Kansas 67202, 1-800-928-3111.

The court must also consider the merits of plaintiff's claim. Based on the claims presented in the complaint, it does not appear that plaintiff's claims are particularly meritorious.

---

[4] *Castner*, 979 F.2d at 1420–21.

[5] *Saferstein v. DLR Group*, No. 02-2196-CM, 2002 WL 1263978, at *1 (D. Kan. June 3, 2002) (quoting *Castner*, 979 F.2d at 1422).

The court finds that plaintiff appears capable of preparing and presenting the case without the aid of counsel. The court has no doubt that the district court judge who is assigned to this case will have little trouble discerning the applicable law. Further, this case involves relatively simple facts in which plaintiff must simply explain to the court why she believes defendants discriminated against her. This should not require any particular expertise and, given the liberal standards governing pro se litigants, the court has no doubt that if plaintiff devotes sufficient efforts to presenting her case, she can do so adequately without the aid of counsel.

In sum, the court believes that appointment of counsel is not warranted in this case.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's request for appointment of counsel **(doc. 4)** is denied.

2. Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion to review this order. Plaintiff must file any objections within the 14-day period if she wants to have appellate review of this order. If plaintiff does not timely file her objections, no court will allow appellate review.

3. The clerk shall mail copies of this order to plaintiff by regular and certified mail.

Dated May 3, 2011, at Kansas City, Kansas.

       s/James P. O'Hara
       James P. O'Hara
       U.S. Magistrate Judge