IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAULA K. GOLDWYN,

        Plaintiff,

v.                                    Case No. 11-4046-KHV

PATRICK R. DONAHOE,

        Defendant.

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant, Patrick Donahoe, Postmaster General, United States Postal Service, by and through Barry R. Grissom, United States Attorney for the District of Kansas, and D. Brad Bailey, Assistant United States Attorney, denies each and every material allegation in Plaintiff's Complaint except as hereinafter is expressly and specifically admitted.

## INTRODUCTION

1. The allegations asserted in paragraph one (1) of Plaintiff's Complaint constitute a summary of her claims and, therefore, no response is required. To the extent a response may be deemed necessary, Defendant admits that Plaintiff alleges employment discrimination and seeks relief pursuant to Title VII of the Civil Rights Act of 1964, and the American with Disabilities Act of 1990, however, Defendant denies the ADA is applicable to federal employment, denies Plaintiff's allegations of employment discrimination, and denies Plaintiff is entitled to any relief whatsoever.

2. In response to the allegations in paragraph 2 of Plaintiff's Complaint, Defendant admits only that Plaintiff was employed as a part time clerk at a Postal Service facility at 807 5th Street, Wamego Kansas. Defendant denies plaintiff's allegations of discriminatory conduct.

3. In response to the allegations in paragraph 3 of Plaintiff's Complaint, Defendant denies Plaintiff's allegations of discrimination.

4. Defendant does not have the information it needs to determine whether Plaintiff filed a claim with a State agency and, therefore, the allegation in paragraph 4 is denied.

5. Defendant admits that Plaintiff filed a charge of discrimination with the EEOC.

6. Defendant admits Plaintiff received a right to sue letter from the EEOC before filing the instant judicial complaint.

7. Paragraph 7 is not applicable to this action.

8. In response to paragraph 8, Defendant denies Plaintiff's allegations of unlawful acts or conduct and denies Plaintiff's allegations of employment discrimination. Further answering, Defendant shows the Court the issues accepted for investigation by the EEOC did not include a charge of failure to accommodate a disability. Accordingly, that claim is not properly before this Court.

9. In response to paragraph 9, Defendant denies Plaintiff's allegations of unlawful acts or conduct and employment discrimination.

10. Paragraph 10 includes Plaintiff's perception of events, her feelings, opinions and theories. Defendant denies all allegations of unlawful discriminatory practices or actions. Defendant admits only that Plaintiff has been treated for anxiety and depression and her doctor, Carl Herl, M.D., opined that she could not perform the essential functions of her job at the Wamego Post Office. Defendant also admits that after January 29, 2005, Plaintiff failed or refused to report to work and maintain a regular work schedule, failed or refused to report to work as instructed by her supervisor, failed or refused to follow the instructions of her supervisor concerning the use of leave, failed or refused to request leave as required by her employer, and

for these reasons, Defendant took progressive disciplinary action against Plaintiff which, ultimately, resulted in Plaintiff's employment being terminated.

11.     In response to paragraph 11, Defendant again denies Plaintiff's allegations of employment discrimination.  Further answering, Defendant admits Plaintiff is no longer employed by the USPS.

12.     In response to paragraph 12, Defendant admits Plaintiff is no longer employed by the USPS.

13.     Defendant denies Plaintiff's allegations in paragraph 13.

## REQUEST FOR RELIEF

In response to this section of Plaintiff's Complaint, Defendant asserts that the allegations therein are merely Plaintiff's statement of her claims for relief and therefore no response is required.  To the extent a response may be deemed necessary, Defendant denies that it has unlawfully discriminated against Plaintiff and denies that Plaintiff is entitled to any of the relief requested.

## DESIGNATION OF PLACE OF TRIAL

Defendant designates Topeka, Kansas, as the place of trial.

## REQUEST FOR TRIAL BY JURY

Plaintiff is not entitled to a jury trial on her claims for declaratory and equitable relief.

## AFFIRMATIVE DEFENSES

Defendant asserts the following as affirmative defenses to this cause of action:

a. In the event Plaintiff interprets her Complaint as including a claim that Defendant refused a request for a reasonable accommodation of a qualifying disability,

    Defendant shows the Court that Plaintiff failed to exhaust her administrative remedies for this type of claim.

b. The Americans with Disabilities Act does not apply to actions by employees of the federal government.

c. Plaintiff has failed to state a claim upon which relief may be granted.

d. Any action taken by the Defendant involving the Plaintiff was taken for legitimate, non-discriminatory reasons, and did not violate Title VII or any other law.

e. To the extent Plaintiff demonstrates that a discriminatory or retaliatory motive played a part in the challenged actions, which Defendant denies, Defendant asserts that the same actions would have been taken absent any discriminatory or retaliatory motive.

f. Plaintiff has an affirmative duty to mitigate her damages and failed to do so.

g. The United States has not waived its sovereign immunity with regard to awards of punitive damages.  Therefore, the Court may not award punitive damages against an agency of the federal government and Plaintiff's demand for punitive damages should be stricken.

h. Plaintiff's claims for damages are subject to any and all available statutory caps including 42 U.S.C. § 1981a.

i. Plaintiff is not entitled to prejudgment interest on all of her claims for relief.

j. Plaintiff's claims are subject to offset for any other benefits received from the federal government, or any other employer.

k. Plaintiff is not entitled to damages for emotional distress or similar claims without medical proof of some discernible injury to Plaintiff's emotional state.

l.  Title VII, 42 U.S.C. § 2000e, et. seq., is Plaintiff's exclusive remedy for claims of race discrimination and retaliation in employment.

m.  Plaintiff should be held to strict proof of her alleged disability, handicap or impairment.

n.  Plaintiff is not a disabled individual, is not entitled to disability accommodation, and did not request a reasonable disability accommodation.

o.  Plaintiff could not perform an essential function of her job with or without an accommodation.

p.  Plaintiff is not entitled to a jury trial on her claims for declaratory and equitable relief.

q.  Defendant reserves the right to plead all other affirmative defenses that may be disclosed through discovery.

WHEREFORE, having fully answered the Complaint, and demonstrating that Plaintiff is not entitled to relief, Defendant moves the Court for an order granting judgment in favor of the Defendant, dismissing the Complaint with prejudice, and awarding Defendant its cost incurred in defending this action.

Respectfully Submitted,

BARRY R. GRISSOM
United States Attorney

 *s/ D. Brad Bailey*
D. BRAD BAILEY, Ks. S.Ct. No. 11345
Assistant United States Attorney
Federal Building, Suite 290
444 S.E. Quincy Street
Topeka, Kansas  66683
Telephone:  (785) 295-2850
Facsimile: (785) 295-2853
E-mail: brad.bailey@usdoj.gov
Counsel For Defendant

## **CERTIFICATE OF SERVICE**

I certify that on July 11, 2011, the attached document was filed electronically and mailed by first class mail, postage prepaid to the Pro Se Plaintiff:

Paula K. Goldwyn
702 Laramie Street
Manhattan, KS  66502

by depositing the same in the United States mail, postage prepaid.

*s/D. Brad Bailey*
D. BRAD BAILEY
Assistant United States Attorney