IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAULA K. GOLDWYN,

        Plaintiff,

v.                                              Case No. 11-4046-KHV

PATRICK R. DONAHOE,

        Defendant.

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO REVIEW

Defendant United States of America, by and through Barry R. Grissom, United States Attorney for the District of Kansas, and D. Brad Bailey, Assistant United States Attorney for said District, opposes Plaintiff's Motion for Review for the reasons stated below.

In her Motion to Review, Plaintiff requests the court reconsider its Order denying her Motion for Appointment of Counsel. Pursuant to D. Kan. R. 7.3 a motion to reconsider must be based on: 1) intervening change of law; 2) new evidence; or, 3) the need to correct a clear error or prevent manifest injustice. None of these three factors exist with respect to Plaintiff's Motion to Review and, therefore, it should be denied.

With regard to the first factor, the court clearly and correctly stated the law applicable to motions requesting the appointment of an attorney in a civil case and the law has not changed.

With regard to the second factor, Plaintiff offers no new evidence which supports her request for a court appointed attorney. Plaintiff attached to her Motion to Review a state court decision reversing and remanding an administrative law judge's decision denying her claim for unemployment compensation. Plaintiff suggests this decision is new evidence that a state court judge thought her Title VII claim had merit, which is one of the factors this Court may consider

1

in deciding a motion for appointment of counsel.  Plaintiff's suggestion is incorrect.  The state court judge found that applications for unemployment compensation must be liberally construed and, therefore, even though Plaintiff "may not be able to establish a Title VII claim," her explanation for leaving her job was sufficient to establish "a reasonable cause for leaving that is not indicative of an unwillingness to work."  The state court's decision is not evidence, new or old, that her employment discrimination claim has merit, and does not lend support to her motion for a court appointed attorney.

Finally, this Court's decision denying Plaintiff's Motion for Appointment of Counsel was the correct decision and therefore not clearly erroneous or manifestly unjust.   Unlike criminal cases, courts are not required to appoint counsel for plaintiffs in civil cases.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 802 (9th Cir. 1986) ("constitutional requirements for civil actions differ significantly from those for criminal actions in which courts may appoint counsel. . . .")  Whether to appoint counsel in a civil case lies within the discretion of the court.  *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).  The court has not abused its discretion in denying a request for counsel if the litigant appears to be capable of presenting his or her case.  *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995).   Prior to providing a litigant with legal representation, the Court may consider the following factors: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks,* 57 F.3d at 978.  An analysis of these factors demonstrates that this Court correctly denied Plaintiff's Motion for Appointment of Counsel.

As this Court noted in the Order denying Plaintiff's Motion for Appointment of Counsel, Plaintiff's employment discrimination claims are not meritorious.  This is not only apparent from the Complaint, and the documents attached thereto, but also from the Plaintiff's inability to find

an attorney willing to handle the case.  Plaintiff has had several years to find an attorney and alleges she has consulted with "more than six attorneys" all of whom declined to represent her in this case.  This alone should satisfy the court that Plaintiff's discrimination claim lacks merit.

Plaintiff is able to present her claims without the assistance of an attorney.  Plaintiff has not demonstrated any special circumstances that would justify a court appointed attorney.  This is not a complex case.  The court is well aware of the applicable law and is capable of applying the law to the facts.  Plaintiff is intimately familiar with the facts.  All of Plaintiff's claims are purportedly based upon her own experiences.  It should not be difficult for the Plaintiff to present her version of the facts to the court.  Plaintiff has not demonstrated a lack of proficiency in reading, writing or understanding how to proceed with this matter.  To the contrary, she has been at it for years.  So far, Plaintiff's only difficulties have been her unwillingness to cooperate, and the timeliness of her actions.  These are problems Plaintiff can easily avoid with more diligence on her part.  It certainly does not justify the appointment of an attorney.

Respectfully Submitted,

BARRY R. GRISSOM
United States Attorney

 s/ D. Brad Bailey
D. BRAD BAILEY, Ks. S.Ct. No. 11345
Assistant United States Attorney
Federal Building, Suite 290
444 S.E. Quincy Street
Topeka, Kansas  66683
Telephone:  (785) 295-2850
Facsimile: (785) 295-2853
E-mail: brad.bailey@usdoj.gov
Counsel For Defendant

4

**CERTIFICATE OF SERVICE**

      I certify that on August 16, 2011 the attached document was filed electronically and mailed by first class mail, postage prepaid to the Pro Se Plaintiff:

   Paula K. Goldwyn
   702 Laramie Street
   Manhattan, KS  66502

by depositing the same in the United States mail, postage prepaid.

                          *s/D. Brad Bailey*
                          D. BRAD BAILEY
                          Assistant United States Attorney