## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAULA K. GOLDWYN,         )
          )
        **Plaintiff,**       )
          )   **CIVIL ACTION**
**v.**              )
          )   **No. 11-4046-KHV/JPO**
**PATRICK R. DONAHOE, POSTMASTER**   )
**GENERAL, UNITED STATES POSTAL**   )
**SERVICE,**            )
          )
        **Defendant.**     )
_____)

### <u>ORDER</u>

Plaintiff brings suit pro se against Patrick R. Donahoe, Postmaster General of the United States Postal Service, for gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e <u>et seq.</u>, and disability discrimination under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 <u>et seq.</u>  This matter is before the Court on plaintiff's <u>Motion To Review</u> (Doc. #21) filed August 2, 2011.

Under Rule 72(a), Fed. R. Civ. P., and D. Kan. Rule 72.1.4, plaintiff asks the Court to review the order of Magistrate Judge James P. O'Hara denying her request for appointment of counsel.  Upon objection to a magistrate judge order on a non-dispositive matter, the district court will modify or set aside any portion of the order which it finds to be clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); <u>see</u> D. Kan. Rule 72.1.4.  The Court does not conduct a de novo review; rather, it applies a deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); <u>Sprint Commc'ns Co. v. Vonage Holdings Corp.</u>, 500 F. Supp.2d 1290, 1346-47 (D. Kan. 2007).  The Court is required to affirm the magistrate judge order unless the entire evidence leaves it "with the definite and firm

conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

Judge O'Hara denied plaintiff's Motion For Appointment Of Counsel (Doc. #4) filed May 2, 2011 for three reasons: (1) although plaintiff indicated that she had contacted six attorneys regarding the case, she did not indicate that she had contacted the Lawyer Referral Service to obtain names of attorneys in the Topeka and Kansas City area who handle cases like hers; (2) plaintiff's claims do not appear particularly meritorious; and (3) plaintiff appears capable of preparing and presenting the case without the aid of counsel. Plaintiff objects to each finding. The Court has thoroughly reviewed the record and finds that Judge O'Hara did not clearly abuse his discretion in overruling plaintiff's motion.

Plaintiff states that she has contacted more than six lawyers, but she does not identify whom or how many lawyers she has contacted. Plaintiff also states that she spoke with a supervisor at the Lawyer Referral Service, but it appears that plaintiff still has not used the Referral Service to try to find a lawyer. The Court echoes Judge O'Hara's suggestion that she do so.

Upon reviewing plaintiff's complaint and subsequent filings, Judge O'Hara's findings that plaintiff's claims do not appear particularly meritorious and that plaintiff appears capable of preparing and presenting the case without counsel are not clearly erroneous.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Review (Doc. #21) filed August 2, 2011 be and hereby is **OVERRULED**.

Dated this 1st day of September, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge