IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**

SEP 2 2011

Clerk, U.S. District Court
By: _____ Deputy Clerk

| | |
|---|---|
| PAULA K GOLDWYN,<br>Plaintiff,<br><br>v.<br><br>PATRICK R. DONAHOE,<br>POSTMASTER GENERAL,<br>UNITED STATES POSTAL SERVICE,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 11-4046-KHV/JPO

## PLAINTIFF'S REPLY TO
## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO REVIEW

COMES NOW, Paula K Goldwyn, and pursuant to D. Kan. Rule 7.1(c), hereby files her reply to *Defendant's Opposition to Plaintiff's Motion to Review*. In support of this reply, plaintiff states as follows:

Defendant erroneously states "Plaintiff requests the court reconsider it's Order … pursuant to D. Kan. R. 7.3." The fact is, plaintiff filed a motion to <u>review</u> pursuant to D. Kan. Rule 72.1.4(a), not a motion to <u>reconsider</u>; therefore, plaintiff need not address the related four paragraphs of defendant's response.

Not surprisingly, Defendant next reiterates the magistrate judge's original contention that "it does not appear that plaintiff's claims are particularly meritorious." As plaintiff pointed out in Section 2 of her *Motion to Review*, the magistrate judge was provided only a condensed version of her Equal Employment Opportunity (EEO) complaint. Plaintiff was wrongfully terminated from her nearly seventeen years of employment with the United States Postal Service for what can essentially be characterized as "whistleblowing." Both of plaintiff's grandfathers worked for the Postal Service (one as a Kansas City letter carrier for 37 years, and the other as the postmaster of Ogden, Kansas), so plaintiff feels that her chosen occupation is "in her blood"

and she never dreamed that her lifelong career would be jeopardized as a result of her complaints about her supervisor discriminating against and harassing her. Although the court is still only able to see "the tip of the iceberg" at this stage of these proceedings, plaintiff trusts that the reviewing judge will distinguish plaintiff's case from the numerous frivolous cases entirely lacking in merit that are likely presented to the courts these days.

Defendant states "Plaintiff has had several years to find an attorney ... all of whom declined to represent her in this case. This alone should satisfy the court the Plaintiff's discrimination claim lacks merit." Plaintiff has to wonder if defendant even read plaintiff's explanation on Page 2 of her *Motion to Review* that she only began to contact attorneys the week prior to the deadline for filing her lawsuit in federal court? Plaintiff trusts that the reviewing judge WILL read (and take into consideration) plaintiff's entire description of her last-minute efforts to find counsel.

Plaintiff considers defendant's false assertion that "Plaintiff's only difficulties have been her unwillingness to cooperate" as nothing short of a "low blow" intended to undermine plaintiff's sincerity and credibility. Plaintiff has never been "unwilling to cooperate" in this matter. In fact, due to plaintiff's employer's unwillingness to provide ANY of the necessary documentation that plaintiff repeatedly requested in earlier stages, MANY of the facts of this case remain severely under-developed and as such, effectively unable to be proven in a court of law.

## CONCLUSION

Plaintiff deserves her rightful day in court. An appointment of counsel in this case is warranted and highly desirable for the sensible presentation of plaintiff's case. Regardless of the percentage of motions for appointment of counsel that are typically granted, an appointment of counsel in this matter would not place an undue burden on either the bar or the court system. **In addition, where a case presents a triable issue of fact — the clear presentation of which requires an ability to organize factual data or to call witnesses and elicit testimony in a logical fashion — it is much the better practice to assign counsel. See Hodge v. Huff, 78 U.S.App.D.C. 329, 140 F.2d 686, certiorari denied 1944, 322 U.S. 733, 64 S.Ct. 946, 88 L.Ed. 1567; Ex parte Rosier, 1942, 76 U.S.App.D.C. 214, 133 F.2d 316, 333; cf. Thomas v. United States, 6 Cir., 1954, 217 F.2d 494.**

**Upon some occasions, when complex factual data must be developed in order to support the plaintiff's position, the assistance of counsel not only may be desirable but will be necessary if the plaintiff's case is to be adequately presented.  In such circumstances it may be reversible error for the district court to fail to appoint counsel to assist the plaintiff or to assure in other ways that the petitioner receives a fair and meaningful hearing. See United States ex rel. Wissenfeld v. Wilkins, 2nd Cir., 281 F.2d 707.**

Plaintiff respectfully BEGS the court to PLEASE grant her previously-denied motion for appointment of counsel.  In the alternative, PLEASE allow plaintiff an additional thirty (30) days to either find an attorney willing to take her case on a contingency basis, or to better satisfy the legal requirement to "make a good effort" to find an attorney.  If the court still sees fit to deny plaintiff's motion for appointment of counsel, as a last resort plaintiff requests the court do so *without prejudice*, so that plaintiff may renew said motion at a later time (i.e., after it becomes even more apparent that plaintiff indeed does need legal assistance in this matter).

Respectfully submitted,

Paula K Goldwyn
*Pro Se Plaintiff*
702 Laramie St.
Manhattan, KS  66502
Phone:  (785) 776.8095

Date:  September 2, 2011

# CERTIFICATE OF SERVICE

I hereby certify that this *Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Review* was hand-delivered, this 2nd day of September, 2011, to the following:

    D. Brad Bailey, Assistant U.S. Attorney
    Federal Building, Suite 290
    444 S.E. Quincy Street
    Topeka, KS  66683

*September 2, 2011*
Date

Paula K Goldwyn
*Pro Se Plaintiff*
702 Laramie St.
Manhattan, KS  66502
Phone:  (785) 776.8095