(Rev. 3/3/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAULA K. GOLDWYN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-4046-KHV |
| ) | |
| PATRICK DONAHOE, et al., ) | |
| ) | |
| Defendants. ) | |

**INITIAL ORDER REGARDING PLANNING AND SCHEDULING**

Pursuant to Fed. R. Civ. P. 16(b)(1), the court hereby sets this case for a scheduling conference by telephone on **October 13, 2011, at 2:30 p.m.** The court will initiate the telephone conference call. All *pro se* parties and attorneys who have entered an appearance in accordance with D. Kan. Rule 5.1(d) shall be available for the conference.

Pursuant to Fed. R. Civ. P. 26(f), no later than **September 23, 2011**, the parties, in person and/or through counsel, shall confer to discuss the nature and basis of their claims and defenses, to discuss the use of mediation or other methods of alternative dispute resolution (ADR), to develop a proposed discovery plan, and to make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1).

In developing their case management plan, the parties should keep in mind that electronically stored information (ESI) was the subject of very significant amendments to Fed. R. Civ. P. 16, 26, 33, 34, 37, and 45 that went into effect on December 1, 2006.

Therefore, prior to the Rule 26(f) planning conference, counsel should familiarize themselves with those amendments <u>and</u> review the ESI guidelines that are posted on this court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/electronicdiscoveryguidelines.pdf)*.

As this court's ESI guidelines make clear, prior to the Rule 26(f) conference, the parties also should become knowledgeable about their information management systems and their operation, including how the information is stored and retrieved.

Prior to the Rule 26(f) planning conference, the parties shall have conferred to discuss these issues and the benefits of mediation or other methods of ADR. Absent exceptional circumstances, the court expects the parties to utilize some form of ADR within ninety days of the scheduling conference. The parties and counsel should select the particular ADR process to be pursued and the person who will conduct the process, i.e., a mediator or other neutral.

By **October 3, 2011**, defendant shall submit a completed report of the parties' planning conference to the undersigned magistrate judge. The report shall follow the report form posted on the court's Internet website:

*(http://www.ksd.uscourts.gov/forms/wpforms/StdForm35.wpd)*.

It shall be submitted electronically in .pdf format as an attachment to an Internet e-mail sent to *ksd_ohara_chambers@ksd.uscourts.gov*, and **shall not be filed with the Clerk's Office**.

In addition to the matters covered in Fed. R. Civ. P. 16(c)(2), the parties shall be prepared to discuss the following matters at the scheduling conference:

1. The items listed in the report of the parties' planning conference.

2. The extent to which the parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

3. How disclosure or discovery of ESI should be handled.

4. How claims of privilege or of protection as trial-preparation material asserted after production will be handled.

5. Whether documents should be exchanged without formal discovery requests in order to facilitate settlement, to avoid unnecessary expense, etc.

6. Whether a limited amount of discovery would enable the parties to present substantive issues for the court's resolution that would narrow the scope of remaining discovery.

7. Whether potential dispositive motions could be presented for the court's determination at the earliest appropriate opportunity.

8. Whether any issues should be bifurcated.

9. All potentially dispositive issues.

10. The setting of definite dates for the final pretrial conference and trial.

11. Consent to trial before a U.S. Magistrate Judge, either at this time or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date. The parties should note that magistrate judges may preside over jury trials. Withholding consent will have no adverse substantive consequences but may delay the trial of the case.

Except when particularly complicated or simple, cases usually are set on a calendar for trial within twelve to fourteen months from the date of filing. Pursuant to D. Kan. Rule 26.1, discovery in civil cases (other than patent infringement and antitrust cases) should be completed within four months of the filing of the scheduling order, unless the court, for good cause shown, establishes a longer or shorter period for the completion of discovery. The dispositive motion deadline is usually set four to six months before the trial date to allow the court time to consider any such motions before the parties begin their final trial preparation. The final pretrial conference will usually be scheduled approximately two weeks after the close of discovery and approximately two weeks before the dispositive motion deadline.

The court appreciates the cooperation and diligent efforts which will secure a just and speedy determination of the issues in this case. If you have questions, please e-mail Kathy Grant, at *ksd_ohara_chambers@ksd.uscourts.gov*.

IT IS SO ORDERED.

Dated September 12, 2011, at Kansas City, Kansas.

 s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge